UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**FIDELIS GROUP HOLDINGS, LLC**              CIVIL ACTION

**VERSUS**                                   NO:   16-3258

**CHALMERS AUTOMOTIVE, LLC, ET AL**          SECTION: "S" (4)

## ORDER

Before the Court is **Motion to Quash Subpoena to National Bank Holdings Corporation and for Protective Order (R. Doc. 23)** filed by Defendants seeking an order from the Court to quash the subpoena issued by the Plaintiff to National Bank Holdings Corporation and for a protective order precluding the use of any documents obtained as a result of that subpoena. The motion was opposed. R. Doc. 26. The motion was submitted on August 31, 2016.

**I.     Background**

This diversity action was filed in the District Court on April 15, 2016. R. Doc. 1. Plaintiff Fidelis Holding Group alleges that it entered into a contract in with the Defendants Chalmers Automotive and Albert Chalmers for the construction of a Mercedes-Benz Luxury Sprinter Van. R. Doc. 26, p 2. In late March of 2016, Plaintiff alleges that it learned that Defendants were not working towards completing the van despite having received a deposit and the contract calling for delivery of the van in February of 2016. *Id.* p. 2-3. Plaintiff alleges that it demanded the return of its deposit, but that the Defendants refused. *Id.* p. 4.  Plaintiff has instituted the current action under theories of breach of contract, detrimental reliance, and two counts of fraud, seeking the return of the $85,000 (the initial deposit for the contract) in addition to costs, consequential and incidental damages, interest on the deposit and attorneys' fees. R. Doc. 1, p. 13.  Plaintiff also is attempting to pierce the corporate veil to allege fraud directly against Defendant Albert Chalmers.

1

The Defendants have filed the instant motion to quash and for protective order seeking the Court to quash the subpoena issued to National Bank Holdings Corporation, who is located in Wilmington, Delaware. R. Doc. 23. In particular, the subpoena issued by the Plaintiff seeks information regarding bank statements of a particular accounts located at Bank Midwest, evidence and documents concerning receipt of payment of $85,000, evidence showing the movement of a transaction equal to $85,000, account numbers for Defendants and one Michael Holmes, and copies of any subpoenas issued concerning a certain account number within the past two years. R. Doc. 23-2, p. 5. The Defendants argue that the subpoena seeks confidential personal, and irrelevant information and is not proportional to the needs of the case. R. Doc. 23-1, p. 3-7. In response, the Plaintiff argues that the requested information is not only relevant to its claims but that they have offered to enter into a confidentiality agreement to protect any confidential information. R. Doc. 26, p. 8-9.

## II.   Standard of Review

Federal Rule of Civil Procedure 45 governs Subpoenas. In addition to outlining the substantive requirements for subpoenas, Rule 45 also lays out a number of procedural requirements as well. Under the rule, the subpoena must be issued by "the court where the actions is pending." Fed. R. Civ. P. 45(a)(2). In comparison, motions to quash to or modify a subpoena must be filed "in the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A)-(B). *See also Semex Alliance v. Elite Dairy Genomics, LLC*, No. 3:14-cv-87, 2014 WL 1576017, at *1 (S.D. Ohio Apr. 17, 2014).

## III.   Analysis

The subpoena before the Court commands that compliance is to occur in Wilmington, Delaware. R. Doc. 23-2, p. 2.  Because this Court is not "the court for the district where compliance

2

is required," the motion was improvidently filed in this District. Fed. R. Civ. P. 45(d)(3)(A)-(B). As such, the Court will deny the instant motion to quash the subpoena.

### IV. Conclusion

**IT IS ORDERED** that the Defendants' **Motion to Quash Subpoena to National Bank Holdings Corporation and for Protective Order (R. Doc. 23)** is **DENIED.**

New Orleans, Louisiana, this 1st day of September 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**