UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FIDELIS GROUP HOLDINGS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:  16-3258** |
| **CHALMERS AUTOMOTIVE, LLC, ET AL** | **SECTION: "S" (4)** |

ORDER

Before the Court is **Motion to Compel Written Discovery (R. Doc. 32)** filed by the Plaintiff seeking an order from the Court to compel the Defendants to more fully and completely respond to a number of interrogatories and requests for production of documents. The motion was opposed. R. Doc. 35. The motion was submitted on October 12, 2016. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART.**

I.     Background

This diversity action was filed in the District Court on April 15, 2016. R. Doc. 1. The Plaintiff Fidelis Holding Group alleges that it entered into a contract with the Defendants Chalmers Automotive and Albert Chalmers for the construction of a Mercedes-Benz Luxury Sprinter Van. R. Doc. 26, p 2. In late March of 2016, the Plaintiff alleges that it learned that the Defendants were not working towards completing the van despite having received a deposit and the contract calling for delivery of the van in February of 2016. *Id.* p. 2-3. The Plaintiff alleges that it demanded the return of its deposit, but that the Defendants refused. *Id.* p. 4.  The Plaintiff has instituted the current action under theories of breach of contract, detrimental reliance, and two counts of fraud, seeking the return of the $85,000 (the initial deposit for the contract) in addition to costs, consequential and incidental damages, interest on the deposit and attorneys' fees. R. Doc. 1, p. 13.

1

The Plaintiff also is attempting to pierce the corporate veil to allege fraud directly against Defendants Albert Chalmers and Mike Holmes.[1]

On July 13, 2016, the Plaintiff propounded a number of Interrogatories and Requests for Production of Documents on the Defendants. R. Doc. 32-3, p. 1. The Plaintiff received the Defendants' initial responses on August 23, 2016 and supplemental responses on September 7, 2016. *Id.* Noting a number of objections, the Plaintiffs attempted to work with the Defendants to correct what it viewed as deficient responses. R. Doc. 32-4, p. 20-29. At this time, the Plaintiff has filed a motion to compel written discovery seeking more complete responses to Interrogatories Nos. 2, 4-9, 11, 12, and 15 as well as Requests for Production Nos. 1-9, 11, and 13. R. Doc. 32-3, p. 2. The Plaintiff also seeks an award of costs and fees in connection to the motion to compel. *Id.* In response, the Defendants argue that the Plaintiffs did not properly confer prior to filing the instant motion and that its objections/responses are proper. R. Doc. 35.

## II.    **Standard of Review**

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or

---

[1] Plaintiffs filed an amended and supplemental complaint on July 15, 2016 adding Mike Holmes as a defendant. R. Doc. 14.

defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1).

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1).

**III.  Analysis**

In the instant motion, the Plaintiff seeks more specific responses to Interrogatories Nos. 2, 4-9, 11, 12, and 15 as well as Requests for Production Nos. 1-9, 11, and 13. R. Doc. 32-3, p. 2. The Defendant argues that the Plaintiff has not properly conferred prior to filing the instant motion, and the Defendant argues that its objections/responses were proper. R. Doc. 35. The Court will address each of these concerns in turn and group them were appropriate.

**A.  Rule 37(a) Conferral Requirement**

Federal Rule of Civil Procedure requires that the movant "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). The Defendants argue that the Plaintiff has not properly conferred and only said that the Plaintiff "takes issue" with the responses. R. Doc. 35, p. 1. However, the Plaintiff has both provided a Rule 37 Certificate (R. Doc. 32-1) as well as an email chain between counsel demonstrating that the Plaintiff both attempted to resolve disputes with the Defendant as well as attempted to confer more completely via telephone conference. R. Doc. 32-4, p. 20-29. Given this, the Court finds that the Plaintiff has complied with its requirement under Rule 37(a) to make a good faith attempt to confer.

**B.  Interrogatory No. 2**

The Plaintiff argues that the Defendants improperly failed to respond to Interrogatory No. 2. The Interrogatory requested:

**Interrogatory No. 2**

Pleased describe all efforts undertaken, if any, by Chalmers Automotive, Albert Chalmers, or anyone acting on their behalf to construct Fidelis' Sprinter Van from inception through the present, including specific dates when any work was undertaken.

R. Doc. 32-4, p. 1. In their response, the Defendants gave a description of the work undertaken. *Id.* at p. 2. However, the Plaintiff objects that the Defendants did not provide specific dates for when the work was undertaken. R. Doc. 32-3, p. 8. The only argument the Defendants offer is that the Plaintiff had not previously raised this concern. R. Doc. 35, p. 2. Because the Defendants have not fully answered these interrogatories, the Defendant has properly moved for a complete answer under 37(a)(3)(B)(iii). The Court will grant the motion to compel in regards to Interrogatory No. 2.

.302154

### C. Interrogatories Nos. 4, 7, 8, 9, & 11

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Interrogatory Nos. 4, 7, 8, 9 and 11 seeking information about other lawsuits, complaints within the last three years, information as to the delivery of other vans, or criminal charges.[2] R. Doc. 32-

---

[2] Interrogatory No. 4

Please provide a listing of the case name and civil action numbers for all lawsuits in which Chalmers Automotive and/or Albert Chalmers have been parties, either together or separately, in which any allegation has been made that Chalmers Automotive or Albert Chalmers failed to deliver a sprinter van as agreed or failed to return the a [sic] customer's deposit upon demand.

Interrogatory No. 7

How many complaints from consumers for delay in construction or failure to return a consumer's deposit has Chalmers Automotive received in the previous three (3) years? For each complaint, provide the contact information for the individual or entity submitting the complaint.

Interrogatory No. 8

Please identify the number of consumers with whom you have agreed to construct sprinter vans from January 1, 2013, through the present and identify the number of consumers for whom sprinter vans were actually delivered during this period. For each consumer where no sprinter van was delivered, please explain the reason(s) why the sprinter van was not delivered.

Interrogatory No. 9

Please identify all consumer complaints made against Chalmers Automotive or Albert Chalmers through the Missouri Attorney General's Office, any other governmental agency/department, or any consumer advocacy or protection group of which you are aware.

5

4, p. 2, 4-6. In response, the Defendant argued that each of these Interrogatories was not relevant and disproportional to the needs of the case. *Id.* The Defendant also challenged Interrogatories No. 7 and 9 as vague and ambiguous. In the instant motion, the Plaintiff argues that the interrogatories are relevant to its claim of fraud given that these interrogatories go towards establishing a history/pattern of fraudulent activity. R. Doc. 32-3, p. 9-10. The Defendants argue that these interrogatories go beyond the scope of discovery. R. Doc. 35, p. 2-4.

As an initial matter, the Court agrees with the Defendant that Interrogatory No. 9 is overbroad on its face in asking for all consumer complaints without any meaningful temporal or substantive limits. As such, the Court will deny the motion to compel as to request No. 9.

As to Requests Nos. 4, 7, 8, and 11, the Court finds that the requested discovery is disproportional to the needs of the case. Federal Rule of Civil Procedure 26(b)(1) directs the Court to limit discovery considering the proportionality of the request, considering "the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Given that the issues in this suit are fairly straightforward—primarily that the Defendants did not deliver a van allegedly in breach of contract and that the Defendants allegedly fraudulently represented that they were acting to complete the van—the Court does not believe that the requests seeking information concerning other lawsuits, complaints within the last three years, information as to the delivery of other vans,

---

Interrogatory No. 11

Please identify all criminal fines assess or charges asserted against Chalmers Automotive and/or Albert Chalmers any/or any other principals, officers, or agents of Chalmers Automotive wherein an allegation was made that Chalmers Automotive failed to deliver a sprinter van as agreed or failed to return a deposit upon demand. For each fine or charge identified, please state the amount of the fine, the case name, the action number and the venue.

or criminal charges are important to resolving the issues nor would the benefit outweigh the potential burden of discovery. Moreover, given that the amount in controversy is barely above the $75,000 requirement, the Court finds that these considerations demonstrate that the request are disproportionate and beyond the scope of discovery in this matter. The Court will therefore deny the motion as to Interrogatories Nos. 4, 7, 8, and 11 and Request for Production No. 3, which seeks copies of the lawsuits.

### D. Interrogatories Nos. 5 & 6

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Interrogatory Nos. 5 and 6. The Interrogatories requested:

**Interrogatory No. 5**

Please explain where Fidelis' $85,500 deposit is and what banking account(s) contain these funds. If deposit funds are no longer in Chalmers Automotive's and/or Albert Chalmers' possession or control please explain when and under what circumstances such funds came to no longer be in Chalmers Automotive's possession or control. If you claim that any amount of the deposit funds was spent in the construction of Fidelis' Sprinter Van, please produce supporting documentation as called for in Requests for Production No. 5 and 6. . .

**Interrogatory No. 6**

Please identify all banking institutions of Albert Chalmers and Chalmers Automotive from December 11, 2015 through the present.

R. Doc. 32-4, p. 3. In response, the Defendant stated:

**Interrogatory No. 5**

Answer: The $85,000 was deposited into the account where Plaintiff wired the funds. The account is Chalmers' general operating account. Chalmers did not open a new account solely for Plaintiff's deposit, and Chalmers does not track nor is it possible to separately track a specific amount of fungible cash.

**Interrogatory No. 6**

Answer: Objection. Plaintiff has filed suit for a breach of contract and fraud over to recover the remainder of a deposit for an amount barely over $75,000. A list of

7

> all banking institutions is not relevant to any elements of the Plaintiff's claims. The request also is not reasonably calculated to lead to discovery of admissible evidence. Further, the information sought is disproportional to the issues at stake in this case, the amount of the dispute, and the importance of the information in resolving the dispute.

*Id.* at p. 3-4. The Plaintiffs argue that the interrogatories are relevant and permissible discovery into elements of its underlying claim and important to its piercing of the corporate veil. R. Doc. 32-3, p. 11. The Defendant argues that the information is irrelevant and that its responses were proper. R. Doc. 35, p. 3.

Here, as an initial matter, the Court finds that the request for more specific information about the location of the $85,500 or the Defendant's banking institutions is irrelevant to the Plaintiff's claims of breach of contract, fraud and detrimental reliance because this information would do nothing to advance any of the Plaintiff's claims. Moreover, to the extent the Plaintiff argues that Interrogatories Nos. 5 and 6 are important to its attempt to pierce the corporate veil, the Court is not convinced that such discovery is important at this time. In *Chesapeake Operating, Inc v. Stratco Operating Co, Inc.*, No. 07-354, 2009 WL 426101 (M.D. La. Feb. 20, 2009), the Court noted that "where factual allegations and specific evidence have been adduced substantiating that an 'alter ego' relationship may exist, courts have allowed discovery into financial information to determine whether the corporate veil should be pierced." 2009 WL 426101, at *8 (allowing discovery into financial information only after factual showing of commingled funds). *Cf. Del Campo v. American Corrective Counseling Services, Inc.,* No. 01-21151, 2008 WL 4858502 (N.D. Cal. Nov. 10, 2008) (allowing discovery related to corporate veil piercing after plaintiffs had "already developed significant evidence showing that [individual defendants] manipulated the entity Defendants for their personal benefit."). While the Plaintiff has alleged commingling and undercapitalization, the Court opines that discovery into the Defendants' financial information

8

based on these allegations without more would be disproportional to the needs of this case, especially because the burden would outweigh the likely benefit. As such, the Court will deny the motion to compel in connection with Interrogatories Nos. 5 and 6.[3]

Because the Court finds that location of the deposit is irrelevant to the Plaintiff's claims, the Court will also deny the motion in connection with Request for Production No. 7, which seeks banking records connected to the deposit.

### E. Interrogatory No. 12

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Interrogatory No. 12. The Interrogatories requested:

**Interrogatory No. 12**

Please identify all liens against Chalmers Automotive, the basis for same, the total amount claimed, whether any amount remains outstanding, and whether Chalmers Automotive will be paying such amount. Such liens specifically include, but are not limited to, Mercedes-Benz Financial Services USA, LLC, filed on March 9, 2016.

R. Doc. 32-4, p. 7. In response, the Defendant stated,

**Interrogatory No. 12**

Answer: Objection. Plaintiff has filed suit for breach of contract and fraud over to recover the remainder of a deposit for an amount barely over $75,000. A list of liens, a term that itself is vague and ambiguous as to it scope, is not relevant to any elements of Plaintiff's claims. The evidence or not of a lien does not relate to whether a contract has been breached or whether fraud has occurred. The request also is not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is disproportional to the issues at stake in this case, the amount of the dispute, and the importance of the information in resolving the dispute.

---

[3] Should additional evidence come to light demonstrate that the Defendants have misused the corporate structure, the Plaintiffs may of course seek discovery on this issue. The Court also notes that its determination that discovery concerning piercing the corporate veil at this time is not dispositive of that issue.

9

*Id.* The Plaintiff argues that this information is relevant to whether the Plaintiff's deposit is being used to pay other creditors and the potential that a lien filed by Mercedes Benz could have prevented Defendants from completing the project. R. Doc. 32-3, p. 15. The Defendants argue that the information is not relevant to the Plaintiff's claims.

Here, the Court finds that the Interrogatory asking for "all liens" is overly broad as worded and seeks to capture information not relevant to the Plaintiff's claims of fraud, breach of contract, and/or detrimental reliance. However, the Plaintiff's request for information related to the lien filed by Mercedes-Benz Financial Services USA, LLC, filed on March 9, 2016 is likely relevant because that lien might bear on Defendants' ability to perform under the contract. As such, the Court will grant the motion in part in connection with Interrogatory No. 12, limiting the request to the liens filed by Mercedes-Benz Financial Services USA, LLC, filed on March 9, 2016.

### F. Interrogatory No. 15

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Interrogatory No. 15. The Interrogatories requested:

**Interrogatory No. 15**

Please identify all newspapers, periodicals, websites, or other forms of marketing media where Chalmers Automotive has advertised its sprinter van uplifting services.

R. Doc. 32-4, p. 8. The Defendant replied:

**Interrogatory No. 15**

Answer: Objection. Plaintiff has filed suit for breach of contract and fraud over to recover the remainder of a deposit for an amount barely over $75,000. A list of all sources where Chalmers advertises is not relevant to any elements of Plaintiff's claims. The request also is not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is disproportional to the issues at stake in this case, the amount of the dispute, and the importance of the information in resolving the dispute.

*Id.* The Plaintiff argues that the advertisements are related to the Plaintiff's claims against Defendants in that the advertisements induced Plaintiff to enter the contract and that they speak to Defendants' pattern of conduct towards consumers. R. Doc. 32-3, p. 16. The Defendants argue that the only relevant advertisements would be those seen by the Plaintiff. R. Doc. 35, p. 5.

The Court finds that the request for all media where the Defendants have advertised is an overly broad request without any meaningful temporal or substantive limits. As such, the Court will deny the motion to compel as to request No. 15.

### G.  Requests for Production Nos. 1, 2, 8, 9, 11, 13

For Requests for Productions Nos. 1, 2, 8, 9, 11, 13, the Plaintiffs seek more definite answers from the Defendants, namely which documents produce respond to which request and if there are any more or no existing documents to the specific request. R. Doc. 32-3, p. 18. In response, the Defendants argue that they have produced the responsive documents. R. Doc. 35.

Federal Rule of Civil Procedure 37(a)(4) states that an evasive answer is treated the same as not responding to the request. Here, by not identifying which documents are responsive and merely responding "Defendants will provide such documents that exist" (*see, e.g.,* R. Doc. 32-4, p, 18), the Defendants have not properly responded to the Requests for Production of Documents. As such, the Court will grant the motion to compel, ordering the Defendant to provide more specific responses to Requests for Productions Nos. 1, 2, 8, 9, 11, 13 by identifying which specific documents are responsive to which requests and referencing them by bates numbers or by stating that there are no responsive documents to the request.

### H.  Request for Production of Documents No. 4

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Request for Production No. 4. The Requests sought:

11

**Request for Production No. 4**

Please produce all applications to Mercedes-Benz and/or Daimler Vans to be certified as a Master Upfitter, including any correspondence or completed forms you have submitted to Merecedes-Benz and/or Daimler Vans for Chalmers Automotive to maintain its Master Upfitter status.

R. Doc. 32-4, p. 14. The Defendant stated:

**Request for Production No. 4**

Response: Objection. Plaintiff has filed suit for breach of contract and fraud over to recover the remainder of a deposit for an amount barely over $75,000. Any certification from Mercedes Benz and/or Daimler Vans is not relevant to any elements of Plaintiff's claims. The request also is not reasonably calculated to lead to the discovery of admissible evidence. Further, the information sought is disproportional to the issues at stake in this case, the amount of the dispute, and the importance of the information in resolving the dispute.

*Id.* at p. 14-15. The Plaintiff appears to argue that the Defedants' representation of being a "Mercedes-Benz Certified Master Upfitter" played a part in the Plaintiff's decision to enter into the contract and that Defendants' certification is relevant to Plaintiffs claims. R. Doc. 32-3, p. 19. However, this information is not relevant to the claims in this case. The Plaintiffs have not asserted that the Plaintiff is not properly certified. Moreover, the Court does not believe that the Defendant's certification as a Master Upfitter is relevant to the Plaintiff's breach of contract, fraud, or detrimental reliance claims. The Court will deny the motion to compel in connection with Request for Production No. 4.

### I. Requests for Production of Documents Nos. 5 & 6

The Plaintiff argues that the Defendants improperly objected to and failed to respond to Requests for Production Nos. 5. The Requests sought:

**Request for Production No. 5**

Please produce all correspondence, billing invoices, and documentation of any kind evidencing any costs that Chalmers Automotive maintains it incurred or was

> expected to incur in connection with any work on Fidelis' Sprinter Van <u>before</u> March 31, 2016.
>
> **Request for Production No. 6**
>
> Please produce all correspondence, billing invoices, and documentation of any kind evidencing any costs that Chalmers Automotive maintains it incurred or was expected to incur in connection with any work on Fidelis' Sprinter Van <u>after</u> March 31, 2016.

R. Doc. 32-4, p. 15. The Defendant stated:

> **Request for Production No. 5**
>
> Response: As described in response to Interrogatory No. 2, Chalmers Automotive had performed the shelling/dry fitting on the van. Chalmers Automotive maintains a stock of the materials necessary for this stage of work on the vans it builds out. Chalmers Automotive does not separately purchase materials at that stage for each individual van.
>
> **Request for Production No. 6**
>
> Response. Please see response to RFP No. 5.

*Id.*. The Plaintiff argue that they are entitled to a response of "none" and what invoices exist for stock materials. R. Doc. 20. Defendants argue that they have responded to the request adequately and are not required to "write an answer [the Plaintiff] wants." R. Doc. 35, p. 6. The Court agrees. While the Defendants' have not explicitly stated that they have "no responsive documents," the Defendants' replies make clear that they do not have responsive documents. As such, the Court will deny the motion to compel in connection with Requests for Production Nos. 5 and 6.

### J.  Request for Costs

Under Federal Rule of Civil Procedure 37(a)(5), the Court may award costs when granting a motion to compel. The Plaintiffs have requested costs incurred in the filing of the instant motion. R. Doc. 32-3, p. 2. Given that the Court is granting and dening the motion, the

Court finds that the present circumstances makes an award of expenses unjust. As such, the Court will deny the motion as to costs.

## IV.     Conclusion

**IT IS ORDERED** that the Plaintiff's is **Motion to Compel Written Discovery (R. Doc. 32)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Plaintiff's motion to compel is **GRANTED** as to Interrogatories Nos. 2, and Requests for Production Nos. 1, 2, 3, 8, 9, 11, and 13. The Defendants must provide more specific and complete answers/replies **no later than twenty-one (21) days** from the signing of this order.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to compel is **DENIED** as to Interrogatories Nos. 4, 5, 6, 7, 8, 9, 11 and 15 and Requests for Production Nos. 3, 4, 5, 6, and 7.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to compel is **GRANTED IN PART** as to Interrogatories Nos. 12. The Defendants must respond to Interrogatory No. 12 in connection with the lien filed by Mercedes-Benz Financial Services USA, LLC, filed on March 9, 2016.

**IT IS FURTHER ORDERED** that the Plaintiff's motion to compel is **DENIED** as to costs.

New Orleans, Louisiana, this 18th day of October 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**